THERESA REAGAN-BLOOD
Attorney at Law
PMB 372 Box 1989
40585 Lakeview Drive, Suite 4
Big Bear Lake, California 92315

**Creditor**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

In Re                                          )
                                               )
    DIANE FRANCES GIELING,        )
                      Debtor   )   CASE NO.:RS-09-15427-BB
    P.O. BOX 1471                 )
    SUGARLOAF, CA. 92386           )
                                               )
Last four digits of Social Security No.: 1579  )   Chapter 7
_____)   OBJECTION TO MOTION TO
                                                    AVOID LIEN

TO THE DEBTOR, DEBTOR'S ATTORNEY AND OTHER INTERESTED PERSONS:

1.     OBJECTOR hereby opposes the Debtor's Motion to Avoid Lien.

2.     On March 24, 2009, Debtor filed her voluntary petition under chapter 7. Christopher R. Barclay was appointed the Trustee. May 1, 2009, was the date set for the first creditor's hearing. This Creditor filed a Proof of Claim on April 23, 2009. On April 29, 2009, Debtor filed a Motion to Avoid Creditor's secured Lien.

3.     Debtor listed the Objector/creditor as an unsecured non-priority claim. In fact, Objector/creditor had a written charging lien for payment of services secured by the debtor's settlement, division of community property or support ordered in the family law matter.

     The California Court of Appeal acknowledged viability of these types of liens in general: "Two kinds of attorney's liens to secure expenses and fees are recognized in most jurisdictions: (1) A – general retaining – (possessory) – lien—on papers and personal property of the client coming into the attorney's possession. (2) A – specific charging—

(nonpossessory) --lien—or equitable right to satisfy his expenses and fees out of the -- judgment—recovered." Acad. of Cal. Optometrists, Inc. v. Super. Ct. (Damir) (1975) 51 Cal.App.3d 999, 1003, 124 Cal.Rptr. 668

Creditor registered her lien for $5448.39 in the family law action once the cash settlement of $25,000 and agreement for division of community property was reached on February 10, 2009.

4. Debtor did not deny that her settlement included the attorney fees she represented to the Mediator and Petitioner that she owed to this creditor. It is unjust and fraudulent for the Debtor to have used this creditor's lien to increase her settlement only to deny and attempt to avoid the lien.

5. Debtor listed on her schedule C – Property Claimed as Exempt, a 1998 BMW323I at only $3300 when it was sold for $12,000 shortly prior to the filing of her Chapter 7. She lists as her Equalization payment from Dissolution only $20,000 when she received $6,000 of her $25,000 settlement shortly before she filed her Chapter 7. Debtor claimed in the disso that the value of her jewelry and all new furnishings were worth $29,000.

6. Debtor has filed an Order to Show Cause in the family law action to force her prior spouse to pay her the settlement funds despite the Automatic Stay of the Bankruptcy Court and the fact that the Mediation Agreement has not become a Judgment because this Debtor would not sign the formal order presented by counsel for the Petitioner in the Family Law Action. Debtor now seeks to impose upon her former spouse a late payment penalty that increases the settlement to $35,000. The Trustee may never be informed of this matter.

7. Debtor's Motion states that:

a. "On October 25, 2007, Debtor obtained a consumer loan from Respondent in the principal amount of $10,000." Creditor is unaware of any consumer loan. Creditor has a charging lien on the outcome of settlement, in this case, the $25,000 cash settlement.

Legal Solutions Plus LS-299

2
OBJECTION TO MOTION TO AVOID LIEN

b. "As security for said loan, Debtor gave Respondent a security interest in certain personal property in debtor's possession." Creditor's written contract makes it clear that it is a security interest in the settlement/judgment division of property, or support, none of which was known or necessarily "in debtor's possession" certainly the $25,000 was not known.

c. "The current balance due on the loan is $10,000." Debtor must be using a form from an old motion because none of this applies to this Creditor's lien. Debtor owes Creditor $5448.39 as set forth in Proof of Claim.

d. Debtors Motion to Avoid Lien (see paragraph 10.c) represents that Creditor has a *security agreement* not a loan agreement.

9. Creditor declares under penalty of perjury under the laws of the United State of America that the foregoing is true and correct and that this Objection to the Motion to Avoid Lien was executed on the following date May 13, 2009, at Big Bear Lake, California.

WHEREFORE, Creditor prays that this Court deny Debtor's Motion to Avoid Lien and that Creditor's Proof of Claim be recognized as a secured lien.

Dated: 5/13/09

THERESA REAGAN-BLOOD
Creditor's Signature

# PROOF OF SERVICE

I am a citizen of the United States and a resident of the County of San Bernardino. I am over the age of eighteen years and not a party to the within action. My business address is 40585 Lakeview Drive, PMB 1989-372, Big Bear Lake, California. On May 14, 200, I served the foregoing document described as:

1. OBJECTION TO MOTION TO AVOID LIEN

   **RE: CASE NO.-RS-09-15427-BB**
   **Debtor: Diane Frances Gieling**

ON:

| | |
|---|---|
| Ms. Dixie Allison, Esq. | Ms. Arlene M. Tokarz, Esq. |
| P.O. Box 1905 | 600 West Santa Ana Blvd. #814 |
| Big Bear Lake, CA. 92315 | Santa Ana, CA. 92701 |
| | |
| Diane Gieling | Ofc. Of the U.S. Trustee |
| P.O. Box 1471 | 3685 Main Street #300 |
| Sugarloaf, CA. 92386 | Riverside, CA. 92501 |

__XX__ By Mail: I caused such envelope with postage thereon fully paid to be placed in the United States mail at Big Bear Lake, California.

_____ By Personal Service: I caused such envelope to be delivered by hand to the offices of the addressee.

_____ By Facsimile: I caused such documents to be sent by facsimile to the office of the addressee.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this ___14th___ day of __May, 2009__, at Big Bear Lake, California.


JAMIE DICKINSON

Legal Solutions LS-299
Plus

PROOF OF SERVICE